IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LILLIAN GRAHAM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4291 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                  **SEPTEMBER 26, 2024**

Plaintiff Lillian Graham initiated this *pro se* civil action and seeks to proceed *in forma pauperis*. The Court previously dismissed her case without prejudice for failure to prosecute, but Graham returned with a request to reopen her case. For the following reasons, the Court will vacate its prior dismissal order, grant Graham leave to proceed *in forma pauperis*, and dismiss her Complaint. She will be given an opportunity to file an amended complaint if she can correct the deficiencies noted by the Court.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Graham commenced this civil action on November 1, 2023, by filing an application to proceed *in forma pauperis* and a Complaint. (ECF Nos. 1, 2.) In accordance with the court's procedures, upon initiation of this matter, the Clerk of Court mailed a copy of the Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court and a copy of the Pro Se E-Notice (Consent Form) to Graham at 2221 W. Tioga Street, Philadelphia, Pennsylvania 19140, which is the address Graham provided for herself in the Complaint. (ECF No. 2 at 2;

---

[1] The allegations set forth in the Memorandum are taken from Graham's Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

ECF No. 3.)  Before the Court had an opportunity to address Graham's filings, the Clerk's Office's mailings to Graham were returned on November 17 and 21, by the U.S. Postal Service and marked as "Return to Sender" and "Unable to Forward."  (*See* Docket entry dated November 17, 2023 and ECF No. 4.)  Consequently, in a November 29, 2023 Order, the Court directed Graham to provide a proper address for service in accordance with Local Rule 5.1(b), within fourteen days.[2]  (ECF No. 5.)  Graham was advised that the failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.  (*Id.*)  She also was advised that if she failed to comply with the Order, her case may be dismissed without further notice for failure to prosecute.  (*Id.*)  Her motion to proceed *in forma pauperis* was held in abeyance.  (*Id.*)  The November 29 Order was mailed to Graham at the 2221 W. Tioga Street address and was returned to the court as "Return to Sender."  (*See* Docket entry dated December 14, 2023.)  Having received no response from Graham providing an updated address or any other communication from Graham since she submitted her Complaint, by Order dated December 15, 2023, this matter was dismissed without prejudice for failure to prosecute.  (ECF No. 6.)

On March 15, 2024, Graham filed a Praecipe to Reinstate the Complaint.  (ECF No. 7.)  Therein, Graham represented that she had not received "any mail that may have been sent to" her because "Postal System employees" were stealing her mail, "destroying some and returning some to return to sender."  (*Id.* at 2.)  She averred that "[t]hey were told to hold all of my mail by

---

[2] Local Rule 5.1(b) requires that a pro se litigant file "a physical address and an email address when available where notices and papers can be served."  A party has a continuing obligation to notify the Clerk within fourteen days of any change of address.  Because Graham did not provide a valid and/or updated address, the November 28 Order indicated that service of the order will be made pursuant to Fed. R. Civ. P. 5(b)(2)(D) by leaving the order with the Court Clerk through the docketing of the order.

2

the USPS office in Washington, D.C., but refuse to do so." (*Id.*) She claimed that despite her request, her mail was not held from November 7, 2023 through February 21, 2024. (*Id.*) Graham indicated that the mail she was to receive, as well as the mail she sent, was stolen and the theft was to be investigated. (*Id.*) Graham also provided an updated address of P.O. Box 597, Feasterville, Pennsylvania 19053. (*Id.*)

By Order dated March 18, 2024, the Court denied Graham's request to re-open this matter and she appealed this decision. (*See* ECF Nos. 8-11.)[3] On August 28, 2024, the United States Court of Appeals for the Third Circuit vacated the dismissal of the Praecipe and remanded the case for further proceedings. (ECF No. 14.) The Third Circuit directed this Court to consider whether Graham's motion to reinstate could be construed as asserting excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1) and the factors in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993) and *In re Cendent Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000). (*Id.*)

Rule 60(b)(1) allows a court to provide a litigant relief from an order or final judgment upon a showing of excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). Motions under this Rule "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In evaluating the basis for a Rule 60(b)(1) motion, courts consider: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the movant's control; and 4) whether the movant acted in good faith. *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019). When conducting this analysis,

---

[3] While her appeal was pending, Graham filed a motion to recuse the undersigned, which the Court denied. (ECF Nos. 12 and 13.)

courts assess the totality of the circumstances. *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007).

Applying these factors, the Court finds that Graham's failure to comply with the Court's November 29, 2023 Order directing her to provide a current address was due to excusable neglect. At this early stage of the litigation, no Defendant will be prejudiced by permitting the case to move forward to statutory screening under 28 U.S.C. § 1915(e)(2)(B). With regard to the second factor, while Graham filed the Praecipe four months after the dismissal of her case, this delay will have little impact on the continuation of the judicial proceedings. As to the third factor, Graham represents that she did not receive the Court's mailings because her mail was not held by the U.S. Postal Service as instructed. (*See* ECF No. 7 at 2.) Indeed, she contends that her mail was not held from November 7, 2023 through February 21, 2024, and further alleges that U.S. Postal Service employees have stolen her mail. (*See id.*) This suggests that the delay in Graham's response to the Court was not within her control. Finally, the Court recognizes that Graham provided the Clerk of Court with an updated address, which is suggestive that she did not act in bad faith during her absence from the prosecution of her case. Consequently, the Court will grant Graham relief under Rule 60(b)(1) on the basis of excusable neglect and vacate its December 15, 2023 dismissal order.[4] Since Graham's Motion to Proceed *In Forma Pauperis* and Complaint are now ripe for review, the Court will address those filings.

Turning to the Complaint, it is not entirely clear whom Graham intends to name as Defendants in this matter. Although she utilized a standard form to submit her Complaint, Graham included several copies of the caption, listing as Defendants the City of Philadelphia, the

---

[4] This Court's March 18, 2024 Order already has been vacated. (*See* ECF No. 14, Mandate of the United States Court of Appeals for the Third Circuit.)

State of Pennsylvania, FEMA, "City of Phila + Licenses and Inspections", "Phila. Police Dept. 39th District," "France Henriques – Demo Co.," "FEMA – Main Headquarters Wash. D.C.," the Philadelphia Water Department, the Philadelphia Electric Company, the Philadelphia Fire Department, Joe Brown Construction Company, "Perry CoCo – Licenses + Inspections," "Supervisor of N. Phila. District," and "Cecil B. Ave." (*See* Compl. at 1-3.) In the portion of the form Complaint where the plaintiff is to list all defendants and provide addresses for them, Graham lists "City of Phila. + Licenses and Inspections," "Phila. Police Dept. Headquarters," "France Henriques – Demo Co.," and FEMA. (*Id.* at 4.)

The Court understands Graham to raise claims based on circumstances surrounding the demolition of her home. While Graham checked the box to indicate federal question jurisdiction, the nature of her claims are difficult to discern because they are presented in a vague and disjointed manner. She alleges that the event giving rise to her claims occurred at 2221 W. Tioga Street in Philadelphia. (*Id.* at 5.) In response to the question on the form to list the date and approximate time of the event giving rise to her claims, Graham indicates "On Oct. 14th, 2021 approximately between 8 PM & 9PM Actual took place on Nov. 2nd 2021 6:30 AM." (*Id.*)

Graham alleges that she was watching television when she heard "the fire emergency" and got up to see where "it" was going and discovered that "they" were at her home. (*Id.*) She asserts that she did not call for them, but "the Fire Dept., Police, H2O, Electric, Gas, and L&I all came once." (*Id.*) She claims that "[t]his was planned" and was retaliation because she complained about her home being severely damaged from "two major disasters and a tropical storm." (*Id.*) She further claims that she was "discriminated for proper assist." (*Id.*) Graham alleges that "the Senator started an investigation," she "signed for the investigation on or about

October 7, 2021" and by October 14, "Phila" was trying to demolish her home. (*Id.*) According to Graham, "there was another inspection coming" and "they had to get rid of evidence." (*Id.*)

Graham claims that she "was held under false arrest by the 39th Police District, and not allowed to go in my home I was held for false arrest until the following day, still was not allow in my home. I went down to City Hall to file an injunction." (*Id.*) Graham alleges that upon her return, "they" had broken into her home and "broken into every locked door and stole money, tv's, computers, jewelry, clothing, phones, stereo equipment, tools, they cut the door off my safe and left it on the side of the wall." (*Id.*) Graham further claims that "they took every dollar, saving of 28 yrs, bundles of money." (*Id.*) She states that "there is more to be told" and that she will "send an amend later" but that she was overwhelmed emotionally. (*Id.*) Graham seeks monetary damages as relief. (*Id.* at 6.)

## II.     STANDARD OF REVIEW

The Court grants Graham leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366,

374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Graham is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."  *Prelle v. United States by*

7

*Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).

## III.   DISCUSSION

Graham may not proceed on her claims because the manner in which she has presented them is so confusing, disjointed, and unclear, that neither the Court nor the Defendants could be expected to understand the nature of the claims she brings and the factual basis underlying each claim.  Although Graham used the Court's standard form complaint to set forth her allegations, the events related to the alleged harms Graham claims to have suffered are not apparent even under a careful reading and liberal construction of the Complaint.

As noted above, the Complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing.  *Garrett*, 938 F.3d at 93. "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.*; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94.

As discussed above, Graham alleges that she was watching television and then her home was demolished.  (Compl. at 5.)  She suggests that the demolition was in retaliation for her complaints that her home had been damaged in prior storms.  (*Id.*)  She also claims that a Senator started an investigation, that she was falsely arrested because she was not permitted in the home

8

during the demolition, and that her property was stolen. (*Id.*) Because the facts are alleged are vague and are not clearly tied to the actions or inactions of clearly identified Defendants, the Complaint fails to provide fair notice of the grounds upon which Graham's claims against each Defendant rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Accordingly, Graham's Complaint simply fails to comply with Rule 8.

Graham names the "Phila. Police. Dept. Headquarters" and the 39th District as Defendants. It appears that Graham seeks to assert a claim against the Philadelphia Police Department. Because she mentions "false arrest" by the "39th Police District," it is possible that Graham seeks to assert a constitutional claim. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its

9

municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988))). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City.  *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).  Accordingly, any claims against the Philadelphia Police Department are not plausible.  Further, even if Graham seeks to raise such claims against the City of Philadelphia, as opposed to its police department, those claims fail because nothing in the Complaint alleges that the conduct of which Graham complains resulted from a municipal policy or custom.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation).

### IV. CONCLUSION

For the foregoing reasons, the Court will vacate its order dismissing this case, grant Graham leave to proceed *in forma pauperis*, and dismiss her Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Graham will be permitted the opportunity to file an

amended complaint.  An appropriate order follows, which contains additional instructions as to amendment.[5]

                                              **BY THE COURT:**

                                              /s/ John Milton Younge
                                              **JOHN MILTON YOUNGE, J.**

---

[5] On the same day she commenced the case at bar, Graham filed another Complaint with this Court that also appears to raise claims based on the demolition of her home.  *See Graham v. FEMA*, Civil Action No. 23-4294 (E.D. Pa.).  Graham is advised that she may not present the same claims, based on the same events, in two separate civil actions.  Due to the confusing manner in which Graham has presented her allegations, it is unclear to the Court whether she has presented the same claims in each case.  "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious."  *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 589-90 (W.D. Pa. 2008); *see also Washington v. Gilmore*, 825 F. App'x 58, 60 n.2 (3d Cir. 2020) (*per curiam*) ("A Court may choose to dismiss a duplicative claim as frivolous or malicious. . . .").  Moreover, as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*) (stating that the plaintiff "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *see also Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (*per curiam*) (affirming dismissal of second pending action as duplicative); *McKenna v. City of Philadelphia*, 304 F. App'x 89, 92-93 (3d Cir. 2008) (same).  If Graham files an amended complaint in this matter, the Court will consider if it is repetitious or duplicative of Civil Action No. 23-4294.