# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIAN GRAHAM,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-4291** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 16th day of December, 2024, in light of *pro se* Plaintiff Graham's failure to file an amended complaint in accordance with this Court's Orders entered on September 26, 2024 (ECF No. 16), October 21, 2024 (ECF No. 19), and October 28, 2024 (ECF No. 21),[1]

---

[1] Graham commenced this civil action on November 1, 2023, presenting allegations regarding the demolition of her home. (ECF Nos. 1, 2.) On the same day she commenced the case at bar, Graham filed another Complaint with this Court that also raised claims based on the demolition of her home. *See Graham v. FEMA*, Civil Action No. 23-4294 (E.D. Pa.).

    Before the Court had an opportunity to address Graham's filings in the present matter, mailings to Graham from the Clerk's Office were returned as undeliverable. (*See* Docket entry dated November 17, 2023 and ECF No. 4.) Consequently, the Court ordered Graham to provide a proper address for service in accordance with Local Rule 5.1(b). (ECF No. 5.) This Order also was returned to the Court as undeliverable. Having received no response from Graham providing an updated address or any other communication from Graham since she submitted her Complaint, by Order dated December 15, 2023, the case was dismissed without prejudice for failure to prosecute. (ECF No. 6.)

    On March 15, 2024, Graham filed a Praecipe to Reinstate the Complaint, contending that she had not received the Court's mailings due to the malfeasance of employees of the U.S. Postal Service. (ECF No. 7.) By Order dated March 18, 2024, the Court denied Graham's request to re-open this matter; she appealed this decision. (*See* ECF Nos. 8-11.) On August 28, 2024, the United States Court of Appeals for the Third Circuit vacated the dismissal of the Praecipe and remanded the case for further proceedings. (ECF No. 14.) The Third Circuit directed this Court to consider whether Graham's motion to reinstate could be construed as asserting excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1). In a Memorandum and Order dated September 26, 2024, this Court found that Graham's failure to comply with the Court's November 29, 2023 Order directing her to provide a current address was due to excusable neglect, granted Graham *in forma pauperis* status, and screened Graham's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 15, 16.) As set forth more fully in the September 26, 2024 Memorandum, Graham's Complaint was dismissed without prejudice pursuant to §

which informed Graham that failure to file an amended complaint would be understood as an intention to stand on her Complaint and would result in final dismissal of this case, it is **ORDERED** that:

1. Graham's case is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

3. If Graham did not intend to stand on her Complaint, she must move for reconsideration of this Order in accordance with Federal Rule of Civil Procedure 59(e), and attach her proposed amended complaint to that motion.

**BY THE COURT:**

/s/ John Milton Younge
**JOHN MILTON YOUNGE, J.**

---

1915(e)(2)(B)(ii) and for failure to comply with the Federal Rules of Civil Procedure. (ECF No. 15.) Graham was given thirty-days leave to file an amended complaint if she could cure the deficiencies noted by the Court. (ECF Nos. 15, 16.) She also was informed that failure to file an amended complaint would be understood as an intention to stand on her Complaint and would result in final dismissal of this case. (ECF No. 16.) On October 18, 2024, Graham filed a request for an extension of time to file an amended complaint. (ECF No. 17.) Graham's motion was granted and her amended pleading was due on November 21, 2024. (ECF No. 19.) Graham again was informed that failure to file an amended complaint would be understood as an intention to stand on her Complaint and would result in final dismissal of this case. (*Id.*) Graham filed a motion to recuse the undersigned on October 25, 2024, which was denied. (ECF Nos. 20, 21.) The Court reminded Graham, yet again, that a failure to timely file an amended complaint would be understood as an intention to stand on her Complaint and would result in final dismissal of this case. (*See* ECF No. 21.) To date, Graham has not filed an amended complaint. Accordingly, this case will be dismissed with prejudice.